UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| U.S. BANK HOME MORTGAGE, and FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>Plaintiffs,<br>v.<br><br>ROBERT V. JENSEN, JR. AND JUDITH L. JENSEN, TRUSTEES OF THE JENSEN FAMILY TRUST, U/A DATED 11/7/95, an unknown trust; ROUNDHOUSE VILLAGE HOMEOWNERS ASSOCIATION, a Nevada Homeowners Association; DANILO SADDI, an individual; and RICO SADDI, an individual,<br><br>Defendants. | Case No. 3:17-cv-00603-MMD-VPC<br><br>ORDER |
|---|---|

**I.     SUMMARY**

Before the Court are three motions. The first is Defendants Robert V. Jensen, Jr. and Judith L. Jensen, Trustees of the Jensen Family Trust, U/A Dated 11/7/95's (collectively, "Jensens") motion to dismiss (ECF No. 26), which Defendant Roundhouse Village Homeowners Association joined (ECF No. 28). The Court has reviewed Plaintiffs' response (ECF No. 31), and no reply was filed.

The second is Plaintiffs Federal Home Loan Mortgage Corporation ("Freddie Mac") and U.S. Bank Home Mortgage's ("U.S. Bank") (collectively, "Plaintiffs") countermotion for summary judgment (ECF No. 32). The Court has reviewed Defendants' responses (ECF Nos. 40, 41), and Plaintiffs' replies. (ECF Nos. 47, 48.)

1    The third is Plaintiffs' "motion for relief from order (ECF No. 33)" (ECF No. 34). No
2    response or reply was filed.

For the following reasons, the Court denies Defendants' motion to dismiss, grants Plaintiffs' countermotion for summary judgment, and grants Plaintiffs' motion for relief.

## II. BACKGROUND

The following facts come from the Complaint (ECF No. 1) unless otherwise indicated.

Defendant Danilo Saddi[1] obtained title to real property ("Property") located within Defendant Roundhouse Village Homeowners Association ("HOA") at 966 Boxcar Lane, Sparks, Nevada 89431 through a deed recorded on April 15, 1999. (*Id.* at 5.) Defendants Danilo Saddi and Rico Saddi (collectively, "Borrowers") obtained a loan ("Loan") from U.S. Bank in the amount of $78,012 on or about April 13, 1999. (*Id.*) Borrowers executed a promissory note ("Note") in favor of U.S. Bank as well as a deed of trust ("DOT") to secure repayment of the Loan. (*Id.*) The DOT was recorded on April 15, 1999. (*Id.*) Freddie Mac acquired ownership of the Loan, including the Note and DOT, on or about November 28, 2001. (*Id.*)

Borrowers failed to pay HOA dues, and the HOA recorded a notice of default and election to sell the Property on July 29, 2011. (*See id.* at 7.) The HOA purchased the Property at a foreclosure sale ("HOA Sale") on August 27, 2013, for $8,630.39, and recorded a foreclosure deed on September 19, 2013. (*Id.*) The HOA sold the Property to the Jensens on August 29, 2014, for $10. (*Id.*)

## III. DEFENDANTS' MOTION TO DISMISS (ECF NO. 26)

### A. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a

---

[1] The Court dismissed Plaintiffs' claims against Defendants Danilo Saddi and Rico Saddi without prejudice due to lack of service on April 13, 2018. However, the Court grants Plaintiffs' motion for relief from that order herein.

2

short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)).

///

///

## B. DISCUSSION

Defendants argue that Plaintiffs' Complaint must be dismissed because the Federal Foreclosure Bar does not protect Freddie Mac's interest where Defendants were bona fide purchasers. (ECF No. 26 at 3-4.)

The Federal Foreclosure Bar prohibits nonconsensual foreclosure of Federal Housing Finance Agency ("FHFA") assets. *Berezovsky v. Moniz*, 869 F.3d 923, 925 (9th Cir. 2017). As a result, the Federal Foreclosure Bar generally protects Freddie Mac's property interests from extinguishment if Freddie Mac was under FHFA's conservatorship, possessed an enforceable property interest at the time of the HOA Sale, and did not consent to such extinguishment. *See id.* at 933.

Here, it is undisputed that Freddie Mac was placed into conservatorship under FHFA in September 2008 and did not consent to the HOA Sale extinguishing or foreclosing Fannie Mae's interest in the Property. (ECF No. 31 at 9-10.) It is also undisputed that Freddie Mac acquired an enforceable property interest in the Property on November 28, 2001, and continued to hold that interest at the time of the HOA Sale on July 29, 2011. (ECF No. 1 at 5, 7.)

The Court finds that the Federal Foreclosure Bar protected Freddie Mac's DOT from extinguishment given that Freddie Mac held an enforceable interest in the Property at the time of the HOA Sale, was under the conservatorship of FHFA at the time of the HOA Sale, and did not consent to the HOA Sale extinguishing or foreclosing Freddie Mac's interest in the Property.

Defendants argue that the Federal Foreclosure Bar does not apply here because the Jensens are bona fide purchasers under Nevada law. (ECF No. 26 at 4 (citing NRS § 111.80).) However, the Federal Foreclosure Bar preempts Nevada's bona fide purchaser statute. *JPMorgan Chase Bank, N.A. v. GDS Fin. Servs.*, No. 2:17-CV-02451-APG-PAL, 2018 WL 2023123, at *3 (D. Nev. May 1, 2018) (citing *Berezovsky v. Moniz*, 869 F.3d 923 (9th Cir. 2017)). Defendants cite two cases for the contrary proposition (ECF No. 26 at 4 (first citing *Collegium Fund Series 32 v. Snyder*, 2017 WL 2870084, at *4 (D. Nev., July 5,

2017); then citing *Bank of Am., N.A. v. Ann Losee Homeowners Ass'n*, 2016 WL 6122933, at *5 (D. Nev., Oct. 18, 2016)), but both were decided before the Ninth Circuit's decision in *Berezovsky*, 869 F.3d 923, and are no longer persuasive authority.

## IV. PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 32)

### A. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and a dispute is material if it could affect the outcome of the suit under the governing law. *Id.*

Summary judgment is not appropriate when "reasonable minds could differ as to the import of the evidence." *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is [that which is] enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). Decisions granting or denying summary judgment are made in light of the purpose of summary judgment "to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies the requirements of Rule 56, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008). If a party relies on an affidavit or declaration to

support or oppose a motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient . . . ." *Anderson*, 477 U.S. at 252.

## B. DISCUSSION

Plaintiffs move for summary judgment against the Jensens on their first and second claims. (ECF No. 32 at 11.) Although the first claim is styled as a claim for declaratory relief and the second claim is styled as a claim for quiet title, both would result in an enforceable determination that the Federal Foreclosure Bar preserved the DOT despite the HOA foreclosure sale. As discussed *supra*, the Court finds that the Federal Foreclosure Bar protected Freddie Mac's DOT from extinguishment given that Freddie Mac held an enforceable interest in the Property at the time of the HOA Sale, was under the conservatorship of FHFA at the time of the HOA Sale, and did not consent to the HOA Sale extinguishing or foreclosing Freddie Mac's interest in the Property. Accordingly, the Court will grant summary judgment against the Jensens and in favor of Plaintiffs on Plaintiffs' first and second claims.

Defendant HOA offers five arguments against summary judgment that are ultimately unpersuasive: (1) that Plaintiffs' claim for declaratory relief is time-barred; (2) that the equitable claims fail as a matter of law; (3) that declaratory relief is not an

///

///

///

independent cause of action; (4) that *Bourne Valley*[2] does not warrant summary judgment in favor of Plaintiffs; and (5) that this case should be stayed due to *Bourne Valley*. (ECF No. 40.)

The Jensens joined Defendant HOA's response and offer two additional arguments that are ultimately unpersuasive: (1) that the Jensens took title free and clear of the DOT as bona fide purchasers and (2) that public policy warrants elimination of the DOT. (ECF No. 41.)

The Court addresses each of these arguments below.

### 1.  Statute of Limitations

Defendants argue that Plaintiffs' first claim, for declaratory relief, is subject to the three-year period of limitations in NRS 11.190(3)(a) because it is based on alleged violations of statute. (ECF No. 40 at 3.) Plaintiffs respond that the claim is actually a quiet title claim and thus subject to the five-year period of limitations in NRS §§ 11.070, 11.080. (ECF No. 47 at 8.)

The Court finds that Plaintiffs' first claim is functionally equivalent to Plaintiffs' second claim, for quiet title. In Plaintiffs' first claim, Plaintiffs seek a declaration that the Federal Foreclosure Bar prevented the HOA foreclosure sale from extinguishing the DOT. (ECF No. 1 at 8-9.) In Plaintiffs' second claim, styled as one for quiet title, Plaintiffs seek a "judicial determination that the Deed of Trust continues to encumber the Property after the HOA Foreclosure Sale" based on the Federal Foreclosure Bar. (*Id.* at 9-10.) These claims are functionally equivalent in that they both would result in an enforceable determination that the DOT continues to encumber the Property due to operation of the Federal Foreclosure Bar. Thus, the Court construes Plaintiffs' first claim as a quiet title claim for the purposes of identifying the applicable statute of limitations.

///

---

[2]*Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1156 (9th Cir. 2016).

The statute of limitations for quiet title claims in Nevada is five years, *Scott v. Mortg. Elec. Registration Sys., Inc.*, 605 F. App'x 598, 600 (9th Cir. 2015) (citing NRS §§ 11.070, 11.080), and the cause of action in foreclosure cases such as this accrues at the time of the foreclosure sale. *Goldsmith Enters., LLC v. U.S. Bank, N.A.*, No. 2:15-cv-00991-MMD-PAL, 2017 WL 4172266, at *3 (D. Nev. Sept. 20, 2017). Here, the foreclosure sale took place on August 27, 2013 (ECF No. 1 at 7), and Plaintiffs filed their Complaint within five years, on September 28, 2017 (*id.* at 13). Thus, Plaintiffs' first claim is not time-barred.

### 2. Equitable Claims

Defendants further argue that the Court cannot provide relief because there is no justiciable controversy. (ECF No. 40 at 4-6.) Plaintiffs characterize this argument as irrelevant because it is raised on behalf of the HOA, and Plaintiffs have moved for summary judgment only against the Jensens. (ECF No. 47 at 11.) While the Jensens joined the HOA's response and thus raise this argument on their own behalf (ECF No. 41 at 1-2), the HOA's response asserts a lack of justiciable controversy between Plaintiffs and the HOA, not Plaintiffs and the Jensens. (ECF No. 47 at 10-11.) Given that Plaintiffs have moved for summary judgment against only Defendants Jensens, the issue of whether a justiciable controversy exists between Plaintiffs and the HOA is not properly before the Court at this time. Accordingly, the Court will not consider this argument.

### 3. Declaratory Relief as Independent Cause of Action

Defendants further argue that relief cannot be granted on Plaintiffs' declaratory judgment claims because "[u]nder Nevada law, declaratory relief is not a cause of action but a type of remedy." (ECF No. 40 at 6.) Plaintiffs characterize this argument as irrelevant because it was raised on behalf of the HOA, and Plaintiffs have moved for summary judgment only against the Jensens. (ECF No. 47 at 11.) The Court will address this argument because the Jensens joined the response and thus assert this argument on their own behalf. (ECF No. 41 at 1-2.)

"[D]eclaratory judgment is a form of relief and not itself an independent claim, particularly where the factual and legal allegations asserted in support of this claim are

largely reproduced in plaintiff's claim for quiet title." *JP Morgan Chase Bank, N.A. v. Williston Inv. Grp., LLC*, No. 216CV2874JCMGWF, 2017 WL 3299041, at *2 (D. Nev. Aug. 1, 2017), *judgment entered sub nom. JPMorgan Chase Bank, N.A. v. Williston Inv. Grp., LLC*, No. 216CV02874JCMGWF, 2017 WL 4683478 (D. Nev. Oct. 17, 2017). Nevertheless, Defendants have not explained why this technical distinction precludes summary judgment, and granting summary judgment on the two claims would not have any cumulative effect. Accordingly, the Court will not deny summary judgment on this basis.

### 4. *Bourne Valley*

Defendants further argue that the Court cannot grant summary judgment with respect to Plaintiffs' third and fourth claims because those claims depend on the Ninth Circuit's finding in *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1156 (9th Cir. 2016). (ECF No. 40 at 6.) Plaintiffs characterize this argument as irrelevant because it was raised on behalf of the HOA, and Plaintiffs have moved for summary judgment only against the Jensens. (ECF No. 47 at 11.) The Court will address this argument because the Jensens joined the response and thus assert this argument on their own behalf. (ECF No. 41 at 1-2.)

Regardless, the Court finds that Defendants argument regarding *Bourne Valley* is irrelevant for another reason—Plaintiffs have not moved for summary judgment on their third and fourth claims. (ECF No. 47 at 11.)

### 5. Request to Stay Case

Defendants further argue that this case should be stayed based on the question certified to the Nevada Supreme Court in *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, Nev. S. Ct. Case No. 72931. (ECF No. 40 at 8-9.) This request is not properly before the Court because a separate document must be filed for each type of relief requested. LR IC 2-2(b). Regardless, the case should not be stayed because this argument relates to Plaintiffs' third and fourth claims for relief, and Plaintiffs have moved for summary judgment only on their first and second claims for relief. (ECF No. 47 at 11.)

| | |
|---|---|
| 1 | **6.     Bona Fide Purchasers** |

The Jensens argue that the DOT was extinguished because they were bona fide purchasers. (ECF No. 41 at 3-5.) The Court addressed Defendants' argument that the Jensens are bona fide purchasers *supra* and concluded that the Federal Foreclosure Bar preempts Nevada's bona fide purchaser statute. The Court will not deny summary judgment on this basis.

**7.     Public Policy**

The Jensens further argue that public policy warrants elimination of the DOT. (*Id.* at 5-6.) The Jensens' argument boils down to this: if the Court finds that the Federal Foreclosure Bar preserved the DOT, then there will be uncertainty in the marketplace for individuals purchasing property at homeowner's association foreclosure sales in the future. (*See id.*)

Plaintiffs do not address this argument in detail, only responding that "[n]either state law nor public policy considerations create an exception to [the statutory protection afforded by the Federal Foreclosure Bar]." (ECF No. 48 at 3.)

The Jensens' argument is unpersuasive because it is forward-looking and the Court's decision will only be relevant to sales that have already occurred. The Nevada Legislature amended the superpriority lien statute in 2015 to address the uncertainty that had resulted from the statute prior to its amendment. *See, e.g.*, *U.S. Bank, N.A. v. SFR Invs. Pool 1, LLC*, 124 F. Supp. 3d 1063, 1079 (D. Nev. 2015).

**V.     PLAINTIFFS' MOTION FOR RELIEF FROM ORDER (ECF NO. 34)**

Plaintiffs move the Court to set aside its April 13, 2018 Order dismissing Plaintiffs' claims against Defendants Danilo Saddi and Rico Saddi without prejudice due to lack of service. (ECF No. 3.) Plaintiffs "inadvertently failed to file proof of said service with the Court" due to counsel's miscommunication with support staff. (*Id.*) The Court "may relieve a party . . . from a[n] . . . order . . . for the following reasons . . . (1) mistake, inadvertence, surprise, or excusable neglect." Fed R. Civ. P. 60(b)(1). The Court finds that relief is warranted based on Plaintiffs' inadvertence. The Court will grant Plaintiffs' motion for relief.

## VI. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendants' Motion to Dismiss (ECF No. 26) is denied.

It is further ordered that Plaintiffs' Motion for Summary Judgment (ECF No. 32) is granted.

It is further ordered that Plaintiffs' Motion for Relief from Order (ECF No. 34) is granted.

It is further ordered that the Clerk of Court vacate this Court's April 13, 2018 Order (ECF No. 33) dismissing Plaintiffs' claims against Danilo Saddi and Rico Saddi.

It is further ordered that the parties' stipulation for extension of time (ECF No. 38) is granted.

It is further ordered that the parties file a status report within seven (7) days of the entry of this Order regarding any remaining claims.

DATED THIS 20th day of June 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE